124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David K. BLEASDELL, Plaintiff-Appellant,
v.
NATIONAL MEDICAL ENTERPRISES, INC., Defendant-Appellee.
 No. 95-56470.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided Sept. 11, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Lourdes G. Baird, District Judge, Presiding
 
 
 2
 Before: SCHROEDER, FERGUSON, and LEAVY, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 David K. Bleasdell appeals the district court's grant of summary judgment for National Medical Enterprises, Inc. Bleasdell alleges that National Medical violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and breached its implied-in-fact employment contract with Bleasdell. Because the district court erred in evaluating National Medical's motion for summary judgment with respect to age discrimination, we reverse. We affirm on the employment contract claim.
 
 I. THE EMPLOYMENT DISCRIMINATION CLAIM
 
 5
 Bleasdell was hired as a pilot and mechanic for National Medical in 1980. Six years later, he was promoted to the position of pilot-in-command/captain pilot. After eleven years with National Medical, Bleasdell was terminated involuntarily. At the time of his termination, he was 52 years old--the oldest pilot in the Department.
 
 
 6
 National Medical claims that Bleasdell was terminated for dishonesty and inadequate piloting skills. Walter Kraujalis, Manager of the Aviation Department at the time Bleasdell was terminated, submitted declarations in support of National Medical's motion for summary judgment.
 
 
 7
 Specifically, Kraujalis referred to two incidents which relate to Bleasdell's piloting skills and his report of those events. The first occurred in July of 1990, when Bleasdell was pilot-in-command on a flight which landed in Gainsville, Georgia. Bleasdell's co-pilot, Andy Higgins, was the actual pilot. On its final approach, Bleasdell noticed that the aircraft was experiencing a high sink rate which requires an increase in power to avoid a hard landing. He explained this to Higgins. However, Higgins failed to respond and temporarily lost control of the plane. Bleasdell took control and landed it safely. The plane bounced on the runway several times.
 
 
 8
 The second incident occurred in April of 1991. Bleasdell was captain on a flight to Lexington, Kentucky. Bleasdell was piloting a newly acquired aircraft, the Gulfstream III. Walter Kraujalis served as his co-pilot and instructor. The plane bounced upon landing and Bleasdell piloted the plane back into the air and executed another approach and landing.
 
 
 9
 Bleasdell contended that these incidents were not truly the basis for his termination but were mere pretexts. He submitted a declaration from Robert Metz, his supervisor at National Medical during the time these incidents occurred, as support. Metz recalled these incidents and questioned whether they were significant enough to warrant Bleasdell's dismissal.
 
 
 10
 In particular, Metz questioned how Kraujalis' evaluation of the events which transpired during the Gainsville flight could have been accurate, especially given that the event occurred several years before Kraujalis was employed by National Medical and was based only on a review of written accounts by Metz and Bleasdell. Metz declared that Kraujalis' evaluation was without a plausible basis for inferring that Bleasdell's actions were below standard. Metz also considered the Lexington landing. He stated that after fully evaluating the situation, including interviewing both Bleasdell and Kraujalis, he concluded that Bleasdell's actions may have been prudent under the circumstances.
 
 II. STANDARD OF REVIEW
 
 11
 We review the district court's grant of summary judgment on the age discrimination claim de novo. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir.1997). In the context of defending against a summary judgment motion, a plaintiff alleging employment discrimination has the burden of "producing enough evidence to permit the trier of fact to infer the fact at issue." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 n. 7 (1981).
 
 
 12
 III. MCDONNELL DOUGLAS ' SHIFTING BURDENS OF PROOF
 
 
 13
 We apply the burden-shifting method established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to evaluate claims of age discrimination in employment by plaintiffs who do not have direct evidence of. their employer's discriminatory intentions. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990).
 
 
 14
 The application of the McDonnell Douglas method to age discrimination cases requires a plaintiff to first establish a prima facie case. The elements of a prima facie case are that the plaintiff:
 
 
 15
 (1) was a member of the protected class (age 40 to 70);
 
 
 16
 (2) was performing his job in a satisfactory manner; (3) was discharged; and (4) was replaced by a younger employee.
 
 
 17
 Messick v. Horizon Indus., Inc., 62 F.3d 1227, 1229 (9th Cir.1995). The burden of establishing a prima facie case is not designed to be "onerous." Burdine, 450 U.S. at 253. It only requires the production of evidence which suggests that the employment decision was based on age. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1361 (9th Cir.1985). Upon establishing a prima facie case, a presumption of unlawful discrimination arises. Burdine, 450 U.S. at 254.
 
 
 18
 After the plaintiff has established a prima facie case, the burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the plaintiff's termination. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Once the defendant has satisfied its burden, the presumption of unlawful discrimination vanishes. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993).
 
 
 19
 At this point, in order to survive summary judgment, the plaintiff "must produce enough evidence to allow a reasonable fact finder to conclude either: (a) that the alleged reason for [his] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Nidds, 113 F.3d at 918. As explained in Nidds, to survive a summary judgment motion, a plaintiff need not provide direct evidence of discriminatory intent as long as a reasonable fact finder could conclude--based on the plaintiff's prima facie case and the fact finder's disbelief of the defendant's reasons for discharge--that discrimination was the real reason for the discharge. Id. at 918 n. 2.
 
 IV. APPLICATION
 
 20
 The district court held that Bleasdell failed to provide sufficient facts to establish a prima facie case of age discrimination. Specifically, the court held that Bleasdell failed to prove he was performing his job satisfactorily. We disagree.
 
 
 21
 Bleasdell introduced his two most recent performance evaluations and the declaration from Robert Metz, his former supervisor. These documents provide sufficient evidence that Bleasdell performed his job satisfactorily. See Messick, 62 F.3d at 1229 (stating the requisite degree of proof to establish satisfactory performance element of prima facie case is minimal).
 
 
 22
 The district court's alternative basis for granting summary judgment in favor of National Medical on Bleasdell's ADEA claim was also in error. The district court held that Bleasdell failed to satisfy his ultimate burden because he failed to show that National Medical's stated reasons for terminating him were false and that the real reason for his termination was discrimination.
 
 
 23
 The district court erred by adopting an overly stringent test for evaluating whether or not Bleasdell had provided sufficient evidence to withstand summary judgment. This court has rejected the application of what has been dubbed "pretext plus" to the evaluation of motions for summary judgment. See e.g. Nidds, 113 F.3d at 918 n. 2. Rather, we have held that "[a]lthough the mere existence of a prima facie case, based on the minimum evidence necessary to raise a McDonnell Douglas presumption, does not preclude summary judgment, the plaintiff need produce very little evidence of discriminatory motive to raise a genuine issue of fact as to pretext." Warren, 58 F.3d at 442 (internal citations omitted); see also Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993).
 
 
 24
 Bleasdell presented sufficient evidence to create an inference that the reasons given by National Medical to justify its decision to terminate Bleasdell were pretextual. In particular, while the declaration from Metz acknowledges that the landing incidents cited occurred, it disputes that they were truly the basis for Bleasdell's termination.
 
 
 25
 A former supervisor who is personally aware of the facts cited by an employer to justify its decision to terminate a plaintiff can offer important insight into whether the reasons offered by the defendant were pretextual. Very rarely can a plaintiff find direct evidence of intent. This is especially true when defending against an employer's motion for summary judgment. Metz's declaration creates a triable issue of fact as to whether the stated reasons for Bleasdell's termination were false. That is a decision which must be left to a finder of fact.
 
 V. BREACH OF CONTRACT OF CLAIM
 
 26
 Bleasdell also claims that National Medical breached its employment contract by terminating him without cause. We reject this argument.
 
 
 27
 Under California law, employment with no specified term may be terminated at the will of either party at any time. See Cal. Lab.Code § 2922. This presumption of at-will employment may, however, be rebutted by evidence of an implied agreement limiting the employer's right to discharge the employee. See Foley v. Interactive Data Corp., 765 P.2d 373, 376 (Cal.1988). National Medical claims that Bleasdell was an at-will employee, as evidenced by his having signed written acknowledgments to that effect on three separate occasions in 1983, 1988, and 1990.
 
 
 28
 National Medical claims that these acknowledgments were intended by the parties as final expressions of their agreement and therefore cannot be contradicted by parole evidence. Bleasdell concedes that he signed the at-will acknowledgments, but argues that they are not binding, integrated contracts because the acknowledgments are contained in an employee handbook which states that the handbook is not intended to create contract for employment and that the handbook may be modified or amended by National Medical.
 
 
 29
 Bleasdell's arguments are without merit. An agreement may be integrated with respect to one or more, but less than all, of its provisions. Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1271 n. 7 (9th Cir.1990). The 1990 acknowledgment signed by Bleasdell included an integration clause with respect to the length and termination of employment. We agree with the conclusion of the district court that the signed acknowledgments were intended to be a final expression of the parties' agreement on the term of employment. Bleasdell cannot introduce extrinsic evidence of an alleged implied contract to terminate only for cause. See id. Bleasdell has failed to present a genuine issue of material fact for breach of an implied contract to terminate only for cause.
 
 VI. CONCLUSION
 
 30
 We reverse the grant of summary judgment on the ADEA claim and affirm on the employment contract claim. The ADEA claim is remanded for trial.
 
 
 31
 Bleasdell v. National Med. Enters., Inc., No. 95-56470 LEAVY, Circuit Judge, dissenting, in part:
 
 
 32
 I dissent from that portion of the disposition which reverses the judgment on the ADEA claim.
 
 
 33
 I agree with the majority that Bleasdell established a prima facie case by providing sufficient evidence that he was performing his job satisfactorily. See Messick, 62 F.3d at 1229. I disagree with the majority's conclusion that the affidavit from Bleasdell's former supervisor, Metz, provides sufficient evidence to allow a trier of fact to infer that National Medical's reasons for termination were pretextual.
 
 
 34
 National Medical offered evidence that Bleasdell was terminated for dishonesty and inadequate piloting skills. During the Lexington landing incident, Bleasdell, the pilot-in-command, hit the ground hard, aborted the landing, and made a second attempt to land. National Medical's chief executive officer, Mr. Eamer, was a passenger on this flight. When Bleasdell aborted the landing, Eamer shouted to the cockpit, demanding to know what had happened. Bleasdell directed his flight mechanic to lie by telling Eamer that something blew across the runway.
 
 
 35
 Metz's affidavit does not create a triable issue with respect to any of these assertions of fact. See Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1124-25 (7th Cir.1994) (a supervisor's disagreement with the employer's termination decision creates a triable issue only when the supervisor specifically refutes the facts that allegedly support the employer's claim of performance deficiencies). Metz does not say that the troublesome landings did not occur, nor does he say that Bleasdell did not lie to Eamer. Neither Metz nor anyone else say that these events were trivial. Instead, Metz simply gives his own assessment of these undisputed events to minimize their importance. Simply questioning management's judgment created no triable issue of fact. See Anderson, 13 F.3d at 1124-25.
 
 
 36
 Moreover, at the time of his affidavit, Metz was not Bleasdell's supervisor. The record shows that Metz was demoted as supervisor because the employer was dissatisfied with Metz's handling and supervision of Bleasdell regarding the landings at issue. A former supervisor's general opinions regarding past job performance are insufficient to contradict the employer's current business decision which weighs performance-based considerations. Williams v. Williams Elecs., Inc., 856 F.2d 920, 924 (7th Cir.1988).
 
 
 37
 The ADEA is not a general regulation of the workplace, but a law which prohibits discrimination. The statute does not constrain employers from exercising significant other perogatives and discretions in the course of discharging their employees. See McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 361 (1995). This court should not be concerned with whether National Medical's decision was wise, accurate, ill-informed, or ill-advised. The pretext inquiry focuses on the honesty, not the accuracy or wisdom, of the reasons for termination. See Helland v. South Bend Community Sch. Corp., 93 F.3d 327, 330 (7th Cir.1996), cert. denied, 117 S.Ct. 769 (Jan. 21, 1997).
 
 
 38
 National Medical was assessing the performance of a pilot charged with the safe transportation of employees and clients. Bleasdell has failed to produce specific evidence which would create an inference of age discrimination. I would affirm the grant of summary judgment.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3